```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Brian Scott Gage

    v.                                           Civil No. 17-cv-725-JL
                                                 Opinion No. 2018 DNH 212

U.S. Social Security
Administration, Acting
Commissioner

**ORDER ON APPEAL**

Brian Scott Gage has appealed the Social Security Administration's ("SSA") denial of his application for a period of disability and disability insurance benefits. The Administrative Law Judge ("ALJ") at the SSA ruled that, despite several severe impairments, Gage retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy after the alleged onset date of his disability. See 20 C.F.R. §§ 404.1505(a), 416.905(a). The Appeals Council denied Gage's request for review, with the result that the ALJ's decision became the final decision on his application, see id. §§ 404.981, 416.1481. Gage then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Gage has moved to reverse the ALJ's decision. See LR 9.1(b). The Acting Commissioner of the SSA has cross-moved for an order affirming the decision. See LR 9.1(c). After

careful consideration, the court grants Gage's motion and denies the Acting Commissioner's motion.

I. **Applicable legal standard**

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). It "review[s] questions of law de novo, but defer[s] to the Commissioner's findings of fact, so long as they are supported by substantial evidence," id., that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted).

II. **Background**[1]

The ALJ invoked the requisite five-step sequential evaluation process in assessing Gage's request for disability and disability insurance benefits. See 20 C.F.R. §§ 404.1520, 416.920. After determining that Gage had not engaged in substantial gainful activity after the alleged onset of his

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts (doc. no. 12) is incorporated by reference.

disability,[2] the ALJ analyzed the severity of his impairments. At this second step, the ALJ concluded that Gage had the following severe impairments: "degenerative disc disease of the lumbar spine, personality disorder, depression, and substance addiction disorder."[3] At the third step, the ALJ found that Gage's severe impairments did not meet or "medically equal" the severity of one of the impairments listed in the Social Security regulations.[4] See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

After reviewing the medical evidence of record, medical opinions, and Gage's own statements, the ALJ concluded that he retained the RFC to perform medium work, see 20 C.F.R. §§ 404.1567(c) and 416.967(c), with a variety of physical, mental, and social limitations.[5] Finding that, even limited in this manner, Gage was able to perform jobs that exist in

---

[22] Gage amended his alleged onset date, changing it from January 15, 2007, to January 14, 2014. As a result, the ALJ purported to consider only "evidence dated within 12 months of the [new] alleged onset date." Admin. Rec. at 12. Despite this limitation, the ALJ proceeded to determine that Gage had "not engaged in substantial gainful employment since January 15, 2007, the alleged onset date," id. at 15, and that he had "not been under a disability . . . from January 15, 2007, through the date of this decision," id. at 26.

[3] Admin. Rec. at 15.

[4] Id. at 16.

[5] Admin. Rec. at 17.

significant numbers in the national economy between his alleged onset date and the date of the ALJ's opinion, see 20 C.F.R. §§ 404.1566 and 416.966, the ALJ concluded his analysis and found that Gage was not disabled within the meaning of the Social Security Act during that time period.[6]

III. **Analysis**

Gage challenges the ALJ's decision on three fronts. First, he argues that the ALJ, at step three, failed to consider whether Gage's severe substance addiction and personality disorders met the appropriate mental listings. Second, he contends that the ALJ improperly weighed the opinion evidence in crafting his RFC. Finally, he argues that the ALJ improperly narrowed his review of the evidence to that dated within 12 months of his alleged onset date and, further, failed to consider evidence that the ALJ said, at the hearing, he had already reviewed and would include in the record. Because the court agrees that the ALJ improperly narrowed the scope of the evidence reviewed, and remands on that basis, it need not--and therefore does not--address Gage's remaining arguments.

For his Title II claim, Gage claimed that he was disabled as of January 1, 2014. In light of that date, the ALJ explained:

---

[6] Admin. Rec. at 25-26.

4

> Pursuant to HALLEX I-2-6-58, the only material evidence is 'evidence dated within 12 months of the alleged onset date.' The records within this 12-month period are material to show that the conditions alleged as disabling have existed, as required by the Social Security Act, for 12 months. The records dated prior to January 1, 2013, then, are not material.[7]

With respect to Gage's Title XVI application, the ALJ explained that, pursuant to the same provision of the SSA's Hearings, Appeals, and Litigation Law Manual ("HALLEX"), "[d]iscussion of evidence after March 31, 2014, and prior to March 13, 2015," the date of Gage's Title XVI application, "is limited to placing the claimant's current symptoms and limitations into context or used solely to evaluate the consistency of subjective complaints to objective findings. Thus, evidence outside the periods at issue was not considered when formulating the claimant's current limitations below."[8]

In so limiting his consideration of the record evidence, the ALJ misconstrued the HALLEX provision on which he relied. Under that provision, subject to certain limitations, the ALJ "will generally admit into the record any evidence that he or she determines is material to the issues in the case. Evidence is material if it is relevant, i.e., involves or is directly related to issues being adjudicated." HALLEX § I-2-6-58(A).

---

[7] Admin. Rec. at 12.

[8] Id.

5

After defining materiality, that provision then lists five "examples of evidence that may be material to a claim for disability," including "[e]vidence dated within 12 months of the alleged onset date under a title II application for disability insurance benefits," and "[e]vidence dated on or after the application date or protective filing date of a title XVI application claiming disability." Id. These are, however, merely examples of material evidence. They are not, as the ALJ concluded, "the only material evidence . . . ."[9] An ALJ who limits his consideration to the evidence listed in those examples "misread[s] HALLEX I-2-6-58(A) because, by its own terms, [that provision] merely offers examples of evidence that may be considered material without categorically determining evidence to be immaterial simply because it does not fit within a listed example." Douglas v. US Soc. Sec. Admin., No. 15-CV-378-PB, 2016 WL 5660315, at *3 (D.N.H. Sept. 30, 2016) (Barbadoro, J.)

And the ALJ's incorrect construction runs contrary to SSA regulations. The SSA provides that it "will consider all evidence in [a claimant's] case record when [it] make[s] a determination or decision whether [the claimant is] disabled." 20 C.F.R. §§ 404.1520(a)(3); see also id. § 404.1529(d)(3) ("If your impairment is not the same as a listed impairment, we must

---

[9] Admin. Rec. at 12 (emphasis added).

6

determine whether your impairment(s) is medically equivalent to a listed impairment. Section 404.1526 explains how we make this determination. Under §404.1526(b), we will consider medical equivalence based on all evidence in your case record about your impairment(s) and its effects on you that is relevant to this finding.").

It is true that "opinions that predate a claimant's alleged onset of disability are of limited relevance." Hartford v. Berryhill, No. 17-CV-467-SM, 2018 WL 1385913, at *6 (D.N.H. Mar. 19, 2018). They are, however, "not entirely irrelevant." Id. "[S]uch evidence, 'when evaluated in combination with later evidence, may help establish disability,' particularly where-- as could be the case here--'the disabling condition is progressive.'" Gaudreault v. Astrue, No. 11-CV-73-JL, 2012 WL 2277907, at *7 (D.N.H. June 18, 2012) (McAuliffe, J.) (quoting DeBoard v. Comm'r of Social Sec., 211 Fed. Appx. 411, 414 (6th Cir.2006)). The ALJ thus erred by excluding from his consideration evidence not dated within 12 months of Gage's alleged onset date.[10]

---

[10] The court thus need not reach the issue of whether the ALJ erred by failing to consider four exhibits that Gage produced at the hearing. It observes, however, that the ALJ stated on the record that he had "taken a real look at [those documents] already and so if you'll submit the rest of them, that will be fine and then the record would be complete." Admin. Rec. at 49.

## IV. Conclusion

For these reasons, Gage's motion to reverse and remand the Acting Commissioner's decision[11] is GRANTED and the Acting Commissioner's motion to affirm[12] is DENIED. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: October 31, 2018

cc: Janine Gawryl, Esq.
Terry L. Ollila, AUSA

---

Gage and his attorney reasonably could construe the ALJ's words as accepting those exhibits into the record.

While the Acting Commissioner is correct that the ALJ "may decline to consider" written evidence not submitted at least five business days before a hearing, 20 C.F.R. § 405.331(a), it does appear inequitable for the ALJ to agree, at the hearing, to include the evidence in the record, and then to decline to admit that evidence in his written order. Compare Admin. Rec. at 49 with id. at 13.

[11] Document no. 9.

[12] Document no. 11.